# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Tiare Technology, Inc.,** § | | |
| *Plaintiff,* § | | |
| v. § | | |
| **Dine Brands Global, Inc.** § | C.A.: 2:22-cv-00490-JRG-RSP | |
| *Defendant.* § | (*Lead Case*) | |
| § | | |
| **Applebee's Restaurants LLC and Dine** § | C.A.: 2:22-cv-00488-JRG-RSP | |
| **Brands Global, Inc.** § | (*Member Case*) | |
| *Defendants.* § | | |
| § | | |
| **Albertsons, LLC and Albertsons** § | C.A.: 2:22-cv-00487-JRG-RSP | |
| **Companies, Inc.** § | (*Member Case*) | |
| *Defendants.* § | | |
| § | | |
| **Dunkin Donuts LLC,** § | C.A.: 2:22-cv-00489-JRG-RSP | |
| *Defendant.* § | (*Member Case*) | |
| § | | |
| **The Kroger Co.,** § | C.A.: 2:22-cv-00491-JRG-RSP | |
| *Defendant.* § | (*Member Case*) | |
| § | | |
| **Sonic Industries Services, Inc.** § | C.A.: 2:22-cv-00492-JRG-RSP | |
| *Defendant.* § | (*Member Case*) | |
| § | | |

**DEFENDANTS' APPLEBEE'S RESTAURANTS LLC & DINE BRANDS GLOBAL, INC.'S OPPOSED MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)**

Defendants Dine Brands Global, Inc. ("Dine") and Applebee's Restaurants LLC ("Applebee's Restaurants") (collectively, "Defendant(s)") respectfully submit this opposed motion requesting leave to file a second supplemental brief in support of their Motion to Dismiss Pursuant to Rule 12(b)(3).[1] Defendants have a good cause to submit their Second Supporting Brief

---

[1] In accordance with Local Rule CV-7(k), Defendants' Second Supporting Brief has been filed separately and contemporaneously with this Motion.

because Plaintiff, it is Second Supplemental Brief, made certain misrepresentations that Defendants have not had an opportunity to correct or counter.

## I.   PROCEDURAL HISTORY

Defendants originally filed their Motion to Dismiss on March 13, 2023 (Dkt.29). Plaintiff has since filed a response, (Dkt. 61), and a sur- reply, (Dkt. 86), to Defendants reply, (Dkt. 78). On July 27, 2023 and July 31, 2023, Mr. Shinbashi was deposed by Plaintiff under Rule 30(b)(1) and Rule 30(b)(6) regarding the issue of venue in this case. On August 24, 2023, the Court granted Plaintiff's Motion for leave to file its "First Opposing Brief" in opposition to Defendants' Motion to Dismiss (Dkt. 93), which had been filed contemporaneously with its first unopposed Motion for leave (Dkt. 92).

On August 31, 2023, Defendants filed their *Motion Requesting the Court Refrain from Issuing a Ruling on Defendants Motion to Dismiss for 14 days* ("Motion to Refrain") (Dkt. 98), requesting that the Court refrain for 14 days from issuing a ruling on their Motion to Dismiss to allow Defendants time to file their own Motion for leave and corresponding "First Supporting Brief" (Dkt. 102). Upon its own volition, the Court decided to treat the Motion to Refrain as a motion for leave, and granted Defendants leave to file their First Supporting Brief. (Dkt. 99). Defendants' First Supporting Brief was filed on September 7, 2023 (Dkt. 102). Then, on September 30, 2023, the Court granted (Dkt. 116) (entered on October 2, 2023) Plaintiff's Motion for leave (Dkt. 113) to file its Second Opposing Brief (Dkt. 114). Defendants are seeking leave to file a Second Supporting Brief to address and respond to certain misrepresentations that were made in Plaintiff's Second Opposing Brief.

## II.   ARGUMENTS AND AUTHORITIES

It is within the court's discretion whether to grant a motion for leave to supplement an already-filed motion. *Ortiz v. Minn. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 104331, at *9 (E.D. Tex.

2023) (citing *Cazares v. El*, 2020 U.S. Dist. LEXIS 250770, at *6 (W.D. Tex. 2020)). "In exercising its discretion, the Court considers whether allowing the supplement will prejudice the opposing party, ensure a fair and just adjudication of the case, and help resolve the litigation at an earlier date. *Cazares v. El*, 2020 U.S. Dist. LEXIS 250770, at *6 (W.D. Tex. 2020) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (3d ed. 2020)). Granting leave to file a supplemental brief can be appropriate when the supplemental briefing corrects "certain representations made" made in an opposing party's briefing. *See Voip-Pal.Com, Inc. v. Google LLC*, 2022 U.S. Dist. LEXIS 175735, at *7 (W.D. Tex. 2022) (granting a motion for leave to submit a supplemental briefing "addressing recently disclosed information" that the movant claims "contradicts certain representation made" in a nonmovant's Motion to transfer) (internal quotations removed).

      Granting leave will lead to a fair adjudication because Defendants' brief will aid the Court's analysis by responding to specific misrepresentations and discrepancies in Plaintiff's Second Opposing Brief. In its Second Opposing Brief, Plaintiff made certain misrepresentations regarding (1) the basis for Defendants' Motion; (2) Defendants' business, (Dkt. 114, at 2 (leaving out important terms from Defendants' description of their "business" in the context of the venue analysis to strawman Defendants' arguments); (3) the weight afforded Mr. Shinbashi's testimony in view of the corrections made on the errata sheet, (Dkt. 114, at 1 (requesting that changes made to the errata sheets, correcting factual errors, be completely ignored because they undermine the crux of Plaintiff's arguments); and (4) the application of *Entropic Comm'n LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-124-JRG, Dkt. 98-1 (E.D. Tex. May 10),[2] to the facts of this case,

---

[2] *Entropic* is distinguished from the facts of this case because, *in Entropic,* (1) all of the officers of the subsidiaries were also officers of the parent, (2) the officers of the parent had the right to hire and fire subsidiary employees even though they never exercised that right, (3) the parent's website routinely represented the subsidiary's employees and locations as its own, (4) the parent routinely advertised that its business was offering broadband internet services

(Dkt. 114, at 2-3),[3] all of which Defendants have not yet had an opportunity to respond to or provide corrective information. Plaintiff also confuses the issues before the Court because whether Defendants/franchisor-affiliates and the franchisees operate the same business is a separate (albeit related) question from whether there is an agency relationship between the two.

First, Plaintiff will not suffer any prejudice if Defendants are allowed to file their Second Supporting Brief. The brief responds to Plaintiff's Second Opposing Brief and does not present new evidence. It was filed less than 31 days after Plaintiff's latest brief, so there has been no undue delay. Further, Plaintiff has already filed two supplemental opposing briefs, so fairness supports allowing Defendants to file two supporting briefs as well.

Second, granting leave will lead to a fair and just adjudication of the case because Defendants have not yet had an opportunity to respond to or counter certain misrepresentations made by Plaintiff in its Second Opposing Brief. Defendants' Second Supplemental Brief will aid in the Court's deliberation on Defendants' Motion to Dismiss. *See Turner v. Church of Jesus Christ of Latter-Day Saints*, 1996 U.S. Dist. LEXIS 23175, at *3 (N.D. Tex. 1996) (granting the movant's Motion for leave because the "supplemental briefing [was] helpful and necessary in determining" the issue before the court). This is especially true regarding the application of *Entropic* to the facts of this case.

Third, Defendants' Second Supporting Brief will not cause an undue delay to other proceedings in this case. The Plaintiff's Second Opposing Brief was only filed 31 days before the

---

which is what the subsidiaries were offering as well, (5) many of the subsidiary's employees held themselves out as employees of the parent on LinkedIn, (6) the management agreements showed that the parent could directly control the actions of the subsidiary employees, and (7) the subsidiaries were not franchisors, none of which are present here in this case. See *Entropic*, No. 2:22-cv-124-JRG, Dkt. 98-1, at 2, 4-13, 18-19.

[3] In its Second Opposing Brief, Plaintiff makes other misrepresentations in the application of *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020); *Westport Fuel Sys. Canada, Inc. v. Nissan N. Am., Inc.*, 2022 U.S. Dist. LEXIS 177086 (E.D. Tex. 2022); and *Hutchins v Dia Loding LLC*, 2021 U.S. Distr. LEXIS 258294 (E.D. Ark. 2021) to the facts of this case. (Dkt. 114, at 1-5).

**DEFENDANTS' APPLEBEE'S RESTAURANTS LLC & DINE BRANDS GLOBAL, INC.'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)      PAGE 4**

Defendants' filed their Second Supporting Brief, and the Court has not yet issued a ruling on Defendants' Motion to Dismiss. The case is also still in the early stages. For instance, the deadline to file amended pleadings is not until February 15, 2024, and claim construction does not begin until March 2024. (Dkt. 57). Defendants are not seeking to extend any existing deadlines, and it is unlikely that Defendants' Second Supporting Brief will disrupt any of the Court's current schedule.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to file its second supplemental brief in support of their Motion to Dismiss be granted.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

| | |
|---|---|
| Dated: October 30, 2023 | Respectfully submitted,<br><br>*/s/ Victor C. Johnson*<br>Victor C. Johnson<br>Texas Bar No. 24029640<br>James D. Tuck<br>Texas Bar No. 24110454<br>**Dentons US LLP**<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201-1858<br>(214) 259-0900 (Phone)<br>victor.johnson@dentons.com (Email)<br>(214) 591-1852 (Phone)<br>james.tuck@denton.com (Email)<br><br>*Attorneys for Defendants Applebee's Restaurant LLC & Dine Brands Global, Inc.* |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and the foregoing document has been served via the Court's ECF system to counsel for Plaintiff on October 30, 2023.

*/s/ Victor C. Johnson*
*Victor C. Johnson*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) on October 30, 2023, and the foregoing Motion is opposed by Plaintiff Tiare Technology, Inc.'s ("Plaintiff").

*/s/ Victor C. Johnson*
*Victor C. Johnson*